IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEREMIAH JAMES GOODWIN,         )<br>     Plaintiff,                                  )<br>                                                   )<br>v.                                                )<br>                                                   )<br>VANBURNEN,                                  )<br>     Defendants.                            )   | Civil Action No. 7:22cv00443<br><br>By: Elizabeth K. Dillon<br>     United States District Judge |

**MEMORANDUM OPINION**

In this case, filed by *pro se* plaintiff Jeremiah James Goodwin, the court entered an order on February 7, 2023, dismissing the complaint for failure to state a claim. (Dkt. No. 17.) That order allowed Goodwin the opportunity to file an amended complaint within thirty days, if the complaint complied with the requirements set forth by the court. Goodwin has now filed an amended complaint and a motion for appointment of counsel. (Dkt. Nos. 20, 21.)

Upon review of the amended complaint, and as briefly discussed herein, Goodwin still fails to state a valid claim against any defendant. Moreover, he has now been given multiple opportunities, across several different cases, to state his claims. Accordingly, the court will dismiss his claims and will not grant him leave to amend. His motion for appointment of counsel will be denied as moot.[1]

Goodwin's original complaint named as the sole defendant the "Northwest Regional Adult Detention Center." In its prior dismissal order, the court advised him—as it has in other

---

[1] His motion for counsel states that he wants "a lawyer doing all this stuff." (Dkt. No. 18.) He contends that he is "not in any position to be bombarded by legal stuff" and that the court "is making it difficult." (*Id.*) As Goodwin has been advised in other cases, the court cannot require an attorney to represent an indigent civil plaintiff. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 309 (1989). And while the court may *request* that an attorney represent an indigent plaintiff when "exceptional circumstances" exist, *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975), Goodwin's purported reasons for counsel are not "exceptional circumstances" warranting the appointment of counsel in this civil case, particularly in light of his failure to state a claim. *See id.* Thus, even if his motion for counsel were not moot, the court would deny it.

cases—that a jail is not a person subject to suit under § 1983. It further explained that his conclusory allegations failed to offer factual matter sufficient to state a claim.

In his amended complaint, Goodwin has now named persons as defendants, although most are not identified by name. First, he specifically names "Mental Health Director Vanburnen," which the court believes is a reference to Van Buren, a defendant in other cases Goodwin has brought. Second, he names as defendants "COs involved in sexual harassment" and "COs involved in attack during religious worship." (Am. Compl. 1, Dkt. No. 20.)

His factual allegations, however, are even more limited than those in his original complaint. Indeed, they are practically non-existent. In the section of the complaint where he is to state his claims and provide supporting facts, he states only, "There [are] multiple complaints on my care at NRADC." (*Id.* at 2.) He was told that any amended complaint must stand "by itself without reference to a complaint, attachments, or amendments already filed." (Order 6, Dkt. No. 17.) Further, the court advised that his "filings to date [would] not be treated as part of his complaint by the court." (*Id.*) Because the general statement offered as his factual allegations fails to state a claim, his amended complaint will be dismissed, pursuant to 28 U.S.C. § 1915A. (*See also* Dkt. No. 17 (dismissing original complaint pursuant to § 1915A).)

An appropriate order will be entered.

Entered: April 18, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge